UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STATE FARM MUTUAL AUTOMOBILE                                                PLAINTIFF
INSURANCE COMPANY

v.                                                    CIVIL ACTION NO. 3:13-CV-00229-CRS

JACK CONWAY, ATTORNEY GENERAL
of the COMMONWEALTH OF KENTUCKY, ET AL.                                     DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on a motion to dismiss (DN 17) filed by Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") and a motion for judgment on the pleadings (DN 23) filed by Defendant Metro Pain Relief Center ("MPRC"). For the reasons set forth below, the Court will grant the motion to dismiss but will deny the motion for judgment on the pleadings.

## BACKGROUND

This case arose from State Farm's refusal to pay MPRC motor vehicle reparation benefits to which MPRC claims it is entitled. On August 31, 2012, a motor vehicle operated by Brittany Harris ("Harris") collided with another vehicle at the intersection of 18th Street and Saint Louis Street in Louisville, Kentucky. Defendants Gayle Spence ("Spence") and Nakisha Murray ("Murray") were passengers in Harris' vehicle and allegedly sustained injuries as a result of the collision. Shortly after the accident, a representative from the legal financing company "1-866-GET-PAID" arrived on scene and distributed information about the company and its services. Later, Spence and Murray visited the business offices of "1-866-GET-PAID," and were ultimately referred to MPRC for treatment.

1

In accordance with its customary practice, MPRC treated Spence and Murray's injuries and then sought to obtain payment from their insurer, State Farm. However, upon MPRC's request, State Farm refused payment on the basis of KY. REV. STAT. § 367.409(4)(b)'s provision that "any charges owed by or on behalf of an individual involved in a motor vehicle accident for services rendered by or on behalf of a person who violates [KY. REV. STAT. § 367.409(1)] shall be void." KY. REV. STAT. § 367.409(1), more commonly known as Kentucky's "anti-solicitation" statute, provides that in the thirty days following a motor vehicle accident "a person… shall not directly solicit or knowingly permit another person to directly solicit an individual… involved in a motor vehicle accident for the provision of any service related to a motor vehicle accident." According to State Farm, MPRC "knowingly requested or permitted 1-866-GET-PAID to solicit…Spence and… Murray…" within thirty days of their motor vehicle accident and are therefore precluded from obtaining reparation benefits under KY. REV. STAT. § 367.409(4)(b). (Complaint, DN 1, at ¶ 21).

On February 25, 2013, State Farm filed the present action requesting a declaration that KY. REV. STAT. § 367.409(1) is constitutional and that the charges claimed by MPRC are therefore void under KY. REV. STAT. § 367.409(4)(b). (Complaint, DN 1, at ¶ 25). In response, MPRC has counterclaimed for damages based on State Farm's refusal to reimburse them for Spence and Murray's medical expenses. (Answer, DN 10, at ¶¶ 41–47). On April 17, 2013, State Farm moved to dismiss MPRC's counterclaim on the grounds that Kentucky's Motor Vehicle Reparations Act (the "MVRA") precludes medical service providers from maintaining a direct cause of action against reparation obligors. On May 16, 2013, MPRC moved for judgment on the pleadings with respect to State Farm's request for a declaratory judgment, arguing that KY. REV. STAT. § 367.409(1) is unconstitutional and that State Farm's action must therefore be dismissed.

After reviewing the parties' briefs and being otherwise sufficiently advised, the Court will now consider State Farm's Motion to Dismiss and MPRC's Motion for Judgment on the Pleadings.

**STANDARD**

**i. Motion to Dismiss**

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

**ii. Motion for Judgment on the Pleadings**

When evaluating a Rule 12(c) motion for judgment on the pleadings, the court must accept as true all of the "well-pleaded material allegations of the pleadings of the opposing party," *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006), but may also take into account "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the [pleadings]." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Importantly, however, the court "need not accept the [non-moving party's] legal conclusions or unwarranted factual

inferences as true." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). Ultimately, the motion should be granted only if the record clearly demonstrates that the moving party "is entitled to judgment as a matter of law." *Rawe*, 462 F.3d at 526 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## DISCUSSION

### A. State Farm's Motion to Dismiss

The sole issue presented by State Farm's Motion to Dismiss is whether MPRC may maintain a direct action against State Farm for the expenses it incurred in treating Spence and Murray's injuries. Because the Court concludes that MPRC may not maintain a direct action against State Farm, the Court will grant the motion to dismiss.

State Farm argues that dismissal is appropriate because recent amendments to Kentucky's MVRA have abolished the right of a medical services provider to directly sue an insurance company for the payment of reparation benefits. In support of this argument, State Farm relies on the Sixth Circuit's decision in *United States v. Allstate Ins. Co.*, 754 F.2d 662 (6th Cir. 1985), and the Kentucky Supreme Court's decision in *Neurodiagnostics, Inc. v. Kentucky Farm Bureau Mut. Ins. Co.*, 250 S.W.3d 321 (Ky. 2008).

In *Allstate*, the Sixth Circuit addressed whether the United States could directly sue Allstate for reparation benefits on behalf of an Allstate insured for whom it had provided medical treatment in the aftermath of a motor vehicle accident. The government had paid for the treatment because, as an Army Serviceman on active duty, the insured was entitled to receive his medical care at the government's expense under 10 U.S.C. § 1074(a). When Allstate refused to honor the government's claim for reimbursement, the government filed suit against Allstate claiming that it was entitled to remuneration under the MVRA.

In support of its claim, the government advanced several arguments, two of which are relevant here. First, the government argued that, because it had suffered monetary loss as a result of the insured's injury, it was entitled to payment under KY. REV. STAT. § 304.39-020(4)'s requirement that insurers "shall pay basic reparation benefits ... for loss from injury arising out of maintenance or use of a motor vehicle." *Allstate*, 754 F.2d at 665. However, the Sixth Circuit rejected this argument because "…under the statutory definition of 'injury' in § 304.39-020(4), 'loss from injury' means 'loss from bodily harm, sickness, disease, or death,'" and thus did not encompass the "injury" suffered by the government, which it characterized as having arisen "only indirectly from [the insured's] injury." *Id.*

Second, the government argued that "the purpose of the no-fault statute requires allowing any person legally obligated to pay the medical expenses of an insured person to claim benefits directly and on his own behalf from the no-fault insurer." *Id.* at 666. Because it was legally obligated to pay the expenses of the insured under 10 U.S.C. § 1074(a), the government claimed it was therefore entitled to maintain a direct action against Allstate for payment of reparation benefits. Ultimately, the Sixth Circuit rejected this argument on the ground that it was "inconsistent with the language and policy of the statute." *Id.* According to the court,

> in providing that "medical expense benefits may be paid by the reparation obligor directly to persons supplying products, services, or accommodations to the claimant," section 304.39-210 makes the provider an optional payee or incidental beneficiary of no-fault policies in order to facilitate the insured person's receipt of benefits, and does not make the provider a third party beneficiary with a right to enforce the insurance contract.

*Id.*

Having thus foreclosed all alternative avenues of recovery, the court ultimately held that a medical service "provider's right to recover [may] arise only from assignment." *Id.* To the extent *Allstate* precludes the possibility of maintaining a direct

5

action against an insurer without a valid assignment, State Farm argues that MPRC—as a non-assignee of Spence and Murray's claims—has failed to state a claim on which relief can be granted.

State Farm bolsters this argument by citing the Kentucky Supreme Court's recent decision in *Neurodiagnostics* for the proposition that, even if MPRC were an assignee of Spence and Murray's claims, it would nevertheless be unable to maintain a direct action against it for reparation benefits. In *Neurodiagnostics*, the court held that the repeal of KY. REV. STAT. § 304.39–240 and the concurrent enactment of KY. REV. STAT. § 304.39–241 resulted in "the MVRA no longer afford[ing] a direct right of action by assignment to medical providers against reparation obligors." *Neurodiagnostics, Inc. v. Kentucky Farm Bureau Mut. Ins. Co.*, 250 S.W.3d 321, 325 (Ky. 2008). Instead, the court interpreted KY. REV. STAT. § 304.39–241 as merely providing the insured the right "to direct payment of his or her benefits among the different elements of loss." *Id.* Accordingly, the court concluded that "a medical provider… is an optional payee or incidental beneficiary of the no-fault policies…" and therefore "has no direct right of action against the reparation obligor." *Id.* at 329. As the court explained, this means that "[i]f a medical provider does not receive payment from the reparation obligor… then the insured is the party that is ultimately responsible for payment…" and "it is the insured that has the direct right of action against the reparation obligor if he or she disagrees with the way in which his or her benefits were either paid or not paid." *Id.* According to State Farm, *Neurodiagnostics* thus clearly precludes MPRC's attempt to maintain a direct action against State Farm and therefore warrants dismissal of MPRC's counterclaim.

MPRC counters by arguing that *Allstate* and *Neurodiagnostics* are distinguishable from the case at bar. Specifically, MPRC argues that *Allstate* was decided prior to the enactment of

KY. REV. STAT. 304.39–241 and is therefore inapposite. Moreover, MPRC points out that "[t]he plaintiff in... *Allstate*… was under an absolute obligation to cover the medical expenses" of the reparation obligee and that, to the extent "MPRC was not under an *independent* obligation to treat… Spence… or… Murray for free," (Resp. in Opp'n to Mot. to Dismiss, DN 22, at 6) (emphasis in original), its liability is not equivalent with that of the plaintiff in *Allstate*. Although MPRC is correct that *Allstate* was decided under a different statutory scheme, much of its holding nevertheless remains relevant. Indeed, *Allstate* dealt not only with the possibility of a direct action under KY. REV. STAT. 304.39–240, but also with the possibility of a direct action arising under other provisions of the MVRA, such as K.R.S. § 304.39-030(1)'s statutory right to basic reparation benefits for "every person suffering loss from injury arising out of maintenance or use of a motor vehicle" and KRS § 304.39-040(2)'s requirement that no-fault insurers "shall pay basic reparation benefits ... for loss from injury arising out of maintenance or use of a motor vehicle." *United States v. Allstate Ins. Co.*, 754 F.2d 662, 665 (6th Cir. 1985). Furthermore, *Allstate* clarified that permitting medical services providers to maintain a direct cause of action was not necessary to serve the essential purposes of the statute and that there could therefore be no "implied" direct cause of action. *Id.* at 666. Thus, although *Allstate*'s discussion of KY. REV. STAT. 304.39–240 is no longer relevant in the aftermath of its repeal, its general holdings nevertheless constitute highly persuasive authority for the proposition that the MVRA does not provide medical service providers with a direct cause of action against an insurer for the payment of reparation benefits.

MPRC's attempt to distinguish *Neurodiagnostics* is likewise unavailing. According to MPRC, *Neurodiagnostic*'s holding that a medical provider has no direct cause of action against the reparation obligor is applicable only if the insurer denies payment for one of the two

7

following reasons: 1) because reparation benefits have been exhausted; or 2) because the reparation obligor determines that the charges were unreasonable or medically unnecessary. *See* (Resp. in Opp'n to Mot. to Dismiss, DN 22, at 5). Although a strict interpretation of *Neurodiagnostic*'s holding may suggest that this is the case,[1] a careful reading of the opinion as a whole reveals that the reason for which reparation benefits have been denied has no bearing whatsoever on the ability of a medical services provider to maintain a direct cause of action against an insurer. In the opinion, the court comprehensively reviews the MVRA and determines that, in light of the express repeal of KY. REV. STAT. § 304.39–240 and concurrent enactment of KY. REV. STAT. § 304.39–241, "[n]o… provision of the MVRA can be construed to entitle medical providers to bring a direct action against… insurers." *Neurodiagnostics*, 250 S.W.3d at 327. This unequivocal statement denying the existence of a direct right of action under the MVRA belies MPRC's claim that a direct right of action exists where an insurer denies payment for reasons other than those specified in the opinion.

MPRC next argues that, even if the MVRA does not provide a direct cause of action against State Farm, the fact that State Farm has requested a declaratory judgment "confers standing on MPRC to pursue payment under the policy at issue." (Resp. in Opp'n to Mot. to Dismiss, DN 22, at 6). In making this argument, MPRC conflates the concept of constitutional standing with the existence of a substantive cause of action. According to MPRC, "U.S. Supreme

---

[1] MPRC's argument is based on the following language from *Neurodiagnostics*:

> If a medical provider does not receive payment from the reparation obligor, either because benefits have been exhausted… or because the reparation obligor determines that the charges were neither reasonable nor medically necessary…, then the insured is the party that is ultimately responsible for payment. And it is the insured that has the direct right of action against the reparation obligor if he or she disagrees with the way in which his or her benefits were either paid or not paid.

*Neurodiagnostics*, 250 S.W.3d at 329. Apparently, MPRC interpreted the court's unconditional use of the disjunctive in the first sentence as meaning that only non-payment for the stated reasons would be sufficient to deprive the medical services provider of a direct action against the insurer. However, for reasons set forth in the body of this opinion, the Court disagrees with MPRC's interpretation and instead concludes that the court's statement of these reasons was illustrative, not exhaustive.

Court precedent… unequivocably [sic] establishes that MPRC has standing to assert Counterclaim Count Two…" (Resp. in Opp'n to Mot. to Dismiss, DN 22, at 6). Specifically, MPRC cites *Penn Am. Ins. Co. v. Valade*, 28 Fed. App'x 253 (2002), for the proposition that "[w]hen an insurer initiates a declaratory judgment action against both an injured third party and its insured, the injured third party acquires standing-independent of that of the insured-to defend itself in the declaratory judgment proceeding." *Id.* at 256–57. This line of argument misses the mark for two reasons. First, accepting MPRC's premises at face value, the mere fact that a party has standing to assert a claim does not necessarily guarantee that there is a substantive cause of action upon which that party may base a claim for relief. As we have already concluded, MPRC cannot maintain a substantive cause of action against State Farm under the MVRA, meaning that its claim must be dismissed regardless of the fact that it might have constitutional standing. Second, even if MPRC could pursue a substantive cause of action under the MVRA, there would still be no basis for MPRC's claim that it has standing to assert such a claim solely on the basis of State Farm's request for a declaratory action. Indeed, the very language which MPRC emphasizes in its brief clearly contradicts its argument to the extent it states that "the injured third party acquires standing—independent of that of the insured—*to defend itself* in the declaratory judgment proceeding." *Id.* at 257 (emphasis added). Here, MPRC does not merely seek to defend itself against State Farm's request for declaratory relief, but instead seeks to assert a separate claim for relief. Thus, to the extent *Valade* dealt only with standing to *defend* a declaratory judgment action, not standing to assert an independent cause of action against the party seeking a declaratory judgment, it is inapposite and therefore does not provide a basis for challenging State Farm's Motion to Dismiss.

For these reasons, the Court concludes that MPRC has failed to state a claim on which relief may be granted and that State Farm's Motion to Dismiss must therefore be granted.

**B. MPRC's Motion for Judgment on the Pleadings**

Having disposed of State Farm's Motion to Dismiss, the Court now turns to MPRC's Motion for Judgment on the Pleadings. According to MPRC, State Farm's request for a declaratory judgment upholding the constitutionality of KY. REV. STAT. § 367.409(1) fails as a matter of law because the statute violates the First Amendment's Free Speech Clause, the Fourteenth Amendment's Due Process Clause, and other related constitutional provisions. However, we need not decide that question today because, having already concluded that MPRC may not directly recover reparation benefits from State Farm, the constitutionality of the statute has no bearing on the parties' relative legal rights and duties. Indeed, the statute's only relevance to the present controversy lies in its provision that "any charges owed by or on behalf of an individual involved in a motor vehicle accident for services rendered by or on behalf of a person who violates this section shall be void." KY. REV. STAT. § 367.409(4)(b). Because the statute merely *voids* "charges owed by or on behalf of an individual involved in a motor vehicle accident," and because we have already concluded that State Farm is not directly liable to MPRC, there is no "charge" or other obligation to which the statute might apply. Accordingly, State Farm would not be obligated to pay MPRC regardless of whether the statute is declared constitutional or unconstitutional. For these reasons, there is no need to assess the constitutionality of the statute and the Court will therefore deny MPRC's Motion for Judgment on the Pleadings as moot.

## CONCLUSION

For the reasons set forth above, the Court will: 1) grant State Farm's Motion to Dismiss; and 2) deny MPRC's Motion for Judgment on the Pleadings.

A separate order will be entered in accordance with this opinion.

**Charles R. Simpson III, Senior Judge**
**United States District Court**

January 2, 2014