UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STATE FARM MUTUAL AUTOMOBILE                                    PLAINTIFF
INSURANCE COMPANY

v.                                          CIVIL ACTION NO. 3:13-CV-00229-CRS

JACK CONWAY, ATTORNEY GENERAL                                  DEFENDANTS
OF KENTUCKY, ET AL.

<u>**MEMORANDUM OPINION**</u>

This matter is before the Court on two motions of Defendant Metro Pain Relief Center

("MPRC") (DN 49).  First, MPRC moves the Court to allow an award of reasonable attorney's

fees under 42 U.S.C. § 1988.  Second, MPRC requests relief from a final order dismissing Jack

Conway, the Attorney General of Kentucky, as a party to this action.  For the following reasons,

the Court will deny both motions (DN 49).

**I.      BACKGROUND**

On February 25, 2013, Plaintiff State Farm Mutual Automobile Insurance Co. ("State

Farm") commenced this litigation by petitioning for a declaratory judgment that Kentucky's anti-

solicitation statute, KRS 367.409, is constitutional and therefore State Farm is not obligated to

pay basic reparation benefits for services rendered in violation of that statute.  (Pet., DN 1.)

Within the first thirty days following a motor vehicle accident, KRS 367.409(1) prohibits a

person from directly soliciting or knowingly permitting another person to directly solicit an

individual involved in the accident for the provision of services related to such accidents.  Any

charges incurred by an individual involved in a motor vehicle accident for services provided by a

person violating KRS 367.409 are void.  KRS 367.409(4)(b).

-1-

Initially, State Farm named four defendants in its declaratory judgment action.  (Pet., DN 1.)  State Farm included Defendants Nakisha Murray, Gayle Spence, and MPRC because of their involvement in specific claim disputes.  (Pet., DN 1, ¶ 16.)  On August 31, 2012, Defendants Murray and Spence suffered injuries during an automobile accident while passengers of a driver insured by State Farm.  (Pet., DN 1, ¶¶ 10–11.)  A representative of "1-866-GET PAID" arrived on scene and distributed information about the company's services to Murray and Spence.  (Pet., DN 1, ¶ 12.)  Later, "1-866-GET PAID" referred Murray and Spence to Defendant MPRC for treatment of their injuries.  (Pet., DN 1, ¶13.)  MPRC began treating Murray and Spence on September 4, 2012.  (Pet., DN 1, ¶ 14.)  State Farm alleges that MPRC violated KRS 367.409 by permitting "1-866-GET PAID" to solicit on its behalf and that any charges for the treatment of Murray and Spence are void.  (Pet., DN 1, ¶¶ 21–22.)  Accordingly, State Farm declined to pay basic reparation benefits to the extent the claims of Murray and Spence rely on those charges.  (Pet., DN 1, ¶ 22.)

In addition, State Farm designated Attorney General Conway as a defendant.  (Pet., DN 1.)  But, on March 22, 2013, State Farm and Conway submitted a proposed agreed order to dismiss Conway from this action (DN 12).  First, the proposed agreed order noted that both State Farm and Conway consider KRS 367.409 to be constitutional.  (Proposed Agreed Order, DN 12, ¶ 4.)  Second, it explained that State Farm named Conway as a defendant only to provide notification pursuant to KRS 418.075 and that Conway is "neither a proper nor necessary party." (Proposed Agreed Order, DN 12, ¶¶ 1, 3.)

Three days later, on March 25, MPRC responded by filing a two-paragraph objection to Conway's dismissal (DN 13).  That objection contained no citations to case law and offered only

the conclusory statement that Conway was a necessary defendant—even though he agreed in all respects with State Farm.  (Objection to Agreed Order, DN 13.)

On March 28, 2013, before the Court ruled on Conway's dismissal, MPRC filed its Answer, Counterclaim and Crossclaim (DN 15).  MPRC presented the allegations for its counterclaim and crossclaim in a consolidated format, making little, if any, distinction between the relief sought from either State Farm or Conway.  (Answer, Countercl., and Crosscl., DN 15, at 3–14.)  Relying on 42 U.S.C. § 1983, among other authorities, MPRC requested a declaratory judgment that KRS 367.409 is unconstitutional, injunctive relief preventing its enforcement, and damages for the denial of basic reparation benefits.  (Answer, Countercl., and Crosscl., DN 15, Cts. I–III.)  MPRC also named Conway as the representative of a potential "respondent class" of state agencies and officers.  (Answer, Countercl., and Crosscl., DN 15, at 13–14.)

Nevertheless, on April 24, 2013, the Court dismissed Conway from this litigation.  (Order, Apr. 24, 2013, DN 19.)  In addressing MPRC's objection, the Court recognized that Conway was never a true party—and certainly not a true codefendant of MPRC—because he was named only to provide statutory notice and advocated for the same result as State Farm.  (Order, Apr. 24, 2013, DN 19.)  MPRC's crossclaim against Conway terminated at that point.  MPRC never again mentioned Conway nor did it take issue with the Court's conclusion.

State Farm and MPRC, however, proceeded with the litigation to determine what rights and obligations existed in their legal relationship and, in particular, whether State Farm could rely on KRS 367.409 in denying basic reparation benefits to MPRC.  State Farm first brought a motion to dismiss MPRC's damages counterclaim for unpaid benefits.  (Mot. to Dismiss, DN 17.)  Then, MPRC responded with its own motion for judgment on the pleadings, which sought victory on the merits of the damages counterclaim and the declaratory judgment that KRS

367.409 is unconstitutional.  (Mot. for J. on the Pleadings, DN 23.)  Considering those motions together, the Court concluded that MPRC lacked standing under the Kentucky's Motor Vehicle Reparations Act, KRS 304.39-010 *et seq.*, to maintain a direct action against State Farm for basic reparation benefits.  (Mem. Op., Jan. 3, 2014, DN 33.)  The Court therefore dismissed MPRC's counterclaim for damages and concluded that the constitutional issue need not be reached. (Order, Jan. 3, 2014, DN 32; Mem. Op., Jan. 3, 2014, DN 33.)  In a motion for reconsideration, MPRC urged the Court to address the constitutionality of KRS 367.409 asserted as a counterclaim against State Farm, separate and apart from the request for damages, and as a defense to State Farm's initial claim for a declaratory judgment that the statute is constitutional. (Mot. for Recons., DN 37.)  The parties were content to litigate the constitutional question solely in the context of State Farm's reliance on the statute as a ground for denying benefits to MPRC. The Court ultimately granted judgment on the pleadings in favor of MPRC and entered a declaratory judgment that KRS 367.409(1) is unconstitutional for impermissibly abridging MPRC's freedom of speech and for denying MPRC equal protection of the laws.  (Mem. Op., June 12, 2014, DN 47; Order and J., DN 48.)

MPRC now calls upon this Court to hold State Farm and Conway liable for an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988.  MPRC also moves the Court for relief from its final order dismissing Conway so that he may be compelled to pay the potential attorney's fee award.

## II.   DISCUSSION

### A.   Motion for Attorney's Fees

MPRC contends that it is entitled to an award of reasonable attorney's fees from State Farm and Conway as the prevailing litigant in an action under 42 U.S.C. § 1983.  No right to

attorney's fees exists at common law.  *McQueary v. Conway*, 614 F.3d 591, 596 (6th Cir. 2010).

"Under the 'American Rule,' the 'general practice' is not to award fees to prevailing parties

'absent explicit statutory authority.'"  *Id.* at 596–97 (quoting *Buckhannon Bd. & Care Home,*

*Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L. Ed. 2d

855 (2001)).  Such statutory authority is provided by the Civil Rights Attorney's Fees Award Act

of 1976, 42 U.S.C. § 1988.  Section 1988 permits the court, in its discretion, to allow the

"prevailing party" in a § 1983 action, and other specified federal civil rights claims, "a

reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).

The central issue here is whether MPRC actually prevailed as a § 1983 litigant.  A civil

rights plaintiff is a "prevailing party" under § 1988 if he "'succeed[s] on any significant issue in

litigation which achieves some of the benefit [he] sought in bringing suit.'"  *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (quoting *Nadeau v.*

*Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)).  Though generously defined, "[r]espect for

ordinary language requires that a plaintiff receive at least some relief on the merits of his claim

before he can be said to prevail."  *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S. Ct. 2672, 96 L. Ed.

2d 654 (1987).  That court-ordered relief must "materially alter[] the legal relationship between

the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."

*Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992); *accord*

*Buckhannon*, 532 U.S. at 604; *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S.

782, 792–93, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989); *McQueary*, 614 F.3d at 597.

To prevail on the merits of a § 1983 claim, a plaintiff must show that a person acting

under color of state law deprived him of a right secured by the Constitution or laws of the United

States.  *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995); *Wolotsky v. Huhn*, 960 F.2d

1331, 1335 (6th Cir. 1992).  The under-color-of-state-law element prevents § 1983 from reaching "merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982)) (internal quotation marks omitted).  Therefore, § 1983 demands that the conduct causing the deprivation of a federal right be "fairly attributable" to the state.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982).  The question of "fair attribution" is resolved through a two-part inquiry:  (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible" and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.*  The Court will address in turn whether MPRC prevailed against State Farm and Conway in a § 1983 action.

1.      **State Farm's Liability for Attorney's Fees**

Assuming that KRS 367.409 satisfies the first part of the "fair attribution" inquiry, the Court now considers whether State Farm—a private party—is a state actor.  Without the state-actor limitation, "private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." *Lugar*, 457 U.S. at 937.  Three tests guide the Court in determining whether a private party may fairly be characterized as a state actor:  (1) the public function test, (2) the state compulsion test, and (3) the nexus test.  *Wolotsky*, 960 F.2d at 1335.

First, the public function test requires that a private party "exercise powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain." *Id.* (citations omitted).  Here, State Farm possesses no traditional state powers, and certainly no

powers equivalent to holding elections or eminent domain.  State Farm brought a declaratory judgment action to determine its obligations to insurance claimants under current law.  That practice is commonplace among private parties and routine in the insurance industry.

Second, the state compulsion test requires that "a state exercise such coercive power or provide such strong encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Id.*  While the state may agree with State Farm's position concerning the constitutionality and legal effect of KRS 367.409, "[m]ore than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives." *Id.*  Nothing in the record supports the conclusion that the state coerced or encouraged State Farm to bringing this declaratory judgment action.

Third, the nexus test requires "a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state." *Ellison*, 48 F.3d at 195; *Wolotsky*, 960 F.2d at 1335.  As an insurance company, State Farm is subject to significant state regulation, but extensive regulation alone cannot justify attributing a private party's actions to the state.  *Lansing v. City of Memphis*, 202 F.3d 821, 830 (6th Cir. 2000).  Here, the state lacked any control over State Farm's choice to seek declaratory judgment as to whether it had a responsibility to cover MPRC's charges. Though enacting KRS 367.409 facilitated State Farm's legal argument, the state did not collaborate with State Farm in its defense of the anti-solicitation statute's constitutionality or its desire to apply that statute to MPRC's charges.

State Farm's actions in seeking declaratory judgment and its eagerness to take advantage of a favorable statute may not be fairly attributed to the state under any of the foregoing tests. That conclusion is consistent with the state-actor limitation's purpose of insulating private parties

from constitutional litigation merely for their reliance on state law. *See Lugar*, 457 U.S. at 937. Accordingly, the Court concludes that State Farm is not a state actor and thus did not act under color of state law as required by § 1983. MPRC did achieve some success in seeking declaratory judgment, but it did not prevail against State Farm in a § 1983 action. Therefore, State Farm is not liable for MPRC's attorney's fees under § 1988.

### 2.       Conway's Liability for Attorney's Fees

MPRC also asserts that Conway may be held responsible for paying its attorney's fees under § 1988 because MPRC prevailed against him in a § 1983 action. The Court can assume arguendo that Conway, through his office and enforcement powers, is a person acting under color of state law as required by § 1983. Nonetheless, MPRC must have actually prevailed against Conway to obtain attorney's fees. Again, to be a prevailing party under § 1988, MPRC must have attained relief that modifies Conway's behavior in a way that directly benefits MPRC. *Farrar*, 506 U.S. at 111–12.

Here, Conway's status as a nonparty eliminates any possibility that the Court issued relief modifying his behavior toward MPRC. With few exceptions, "'one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" *Taylor v. Sturgell*, 553 U.S. 880, 884, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40, 61 S. Ct. 115, 85 L. Ed. 22 (1940)). The Court dismissed Conway as a party to this action on April 24, 2013, and he did not otherwise participate in arguing the merits of this case. (Order, Apr. 24, 2013, DN 19.) Whatever relief MPRC obtained in this litigation has no binding effect on Conway's behavior. As previously noted, State Farm and MPRC eagerly litigated the question of KRS 367.409's constitutionality as between themselves only. While KRS 367.409 provides for the potential

imposition of fines, supposedly under Conway's authority, as briefly mentioned in MPRC's counterclaim/crossclaim, that subject was not litigated, nor were any actual fines, impending or realized, suggested in the alleged facts or the arguments of counsel.  The conduct at issue was State Farm's reliance on the statutory provision, as a private party, to void charges incurred in contravention of that statute.

Moreover, the proposed order attached to MPRC's motion for judgment on the pleadings evidences that it demanded no relief from Conway.  That proposed order reads as follows:

> IT IS HERBY ORDERED AND ADJUDGED that KRS 367.409 is unconstitutional under both the U.S. Constitution and the Kentucky Constitution. Accordingly, State Farm Mutual Automobile Insurance Company is precluded from relying upon KRS 367.409 with respect to claims for medical services rendered by MPRC to Ms. Spence and Ms. Murray.

(Proposed Order, DN 23-3.)  This language does not mention enjoining Conway's enforcement of KRS 367.409.  Instead, the proposed order speaks only to KRS 367.409's constitutionality in the context of the legal relationship between MPRC and State Farm.  For those reasons, MPRC did not prevail against Conway in a § 1983 action and cannot recover attorney's fees from him under § 1988.

### B.      Motion for Relief from a Final Order

At last, MPRC requests relief from the Court's final order dismissing Conway as a party to this litigation.  MPRC would have the Court apply its decision concerning the constitutionality of KRS 367.409 to Conway and then order him to pay an award of attorney's fees.  Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on an enumerated

list of reasons.[1]  MPRC seeks that relief under the residual clause of Rule 60(b)(6), which

permits action for "any other reason that justifies relief."  But Rule 60(b)(6) applies "only in

exceptional or extraordinary circumstances which are not addressed by the first five numbered

clauses of the Rule."  *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.

1989).  MPRC's claim to relief, however, amounts to nothing more than an argument that the

Court made a substantive mistake of law by dismissing Conway.  Relief based on "mistake,"

even a court's "substantive mistake of law or fact," is properly addressed under Rule 60(b)(1),

rather than Rule 60(b)(6).  *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)

(quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)) (internal quotation marks

omitted).

A motion under Rule 60(b)(1) "must be made within a reasonable time" and "no more

than a year after the entry of the judgment or order."  Fed. R. Civ. P. 60(c)(1).  Whether a

moving party filed its Rule 60(b) motion within a reasonable time "ordinarily depends on the

facts of a given case including the length and circumstances of the delay, the prejudice to the

opposing party by reason of the delay, and the circumstances compelling equitable relief."  *Olle

v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

In this case, MPRC failed to bring its motion for relief within a reasonable time.  The

Court dismissed Conway on April 24, 2013, approximately one year and two months prior to the

filing of this motion for relief.  (Order, Apr. 24, 2013, DN 19; Mot. for Attorneys' Fees and Mot.

to Alter and Amend, DN 49.)  At that time, MPRC submitted a scant, two-paragraph objection,

stating, without support, that Conway was a necessary party.  (Objection to Agreed Order,

DN 13.)  MPRC disputed Conway's dismissal no further, never urging the Court to reconsider

---

[1] MPRC filed its motion pursuant to Federal Rule of Civil Procedure 59(e), but the Court concludes that Rule 60(b)
is the proper procedural mechanism for resolving this motion.  Rule 59(e) applies only to altering or amending
judgments.  MPRC seeks modification of a final order, a form of relief granted through Rule 60(b).

the order while it remained interlocutory.  Instead, MPRC litigated the constitutionality of KRS 367.409 in Conway's absence.  Only now, after the entry of final judgment and on the prospect of obtaining attorney's fees, does MPRC articulate a substantive argument for Conway's inclusion.  But, at this point, the addition of Conway as a party would likely require a rehearing of the merits.  MPRC showed little diligence in pursuing relief from the order of dismissal, and its lengthy delay in requesting action is unreasonable.  Therefore, the Court concludes that MPRC's motion for relief from the final order dismissing Conway is untimely.

## III.    CONCLUSION

For the reasons stated above, the Court will deny MPRC's motion for an award of reasonable attorney's fees and also deny its motion for relief from a final order (DN 49).  A separate order will be entered this date in accordance with this Memorandum Opinion.

November 26, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**